# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Wayne Sprouse,

Petitioner,

v.

Charles L Ryan, et al.,

Respondents.

No. CV-18-01023-PHX-DWL

**ORDER**

On April 2, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On October 15, 2018, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 15.) Afterward, Petitioner filed written objections to the R&R (Doc. 16) and respondents filed a response (Doc. 18). As explained below, the Court will deny Petitioner's objections.

I. Background

In May 2004, Petitioner was sentenced to 127 years in prison after being convicted at trial of sexual assault, sexual abuse, sexual conduct with a minor, child molestation, and sexual exploitation of a minor. (Doc. 15 at 1-3; *see also State v. Sprouse*, 2009 WL 2581374 (Ariz. Ct. App. 2009)). The evidence at trial included testimony from the victim, Petitioner's confession to the police that he'd had sex with the victim, and child pornography found in Petitioner's storage unit. (*Id.*)

In August 2009, the Arizona Court of Appeals affirmed Petitioner's convictions and

sentences. (Doc. 15 at 4.)[1] In April 2010, the Arizona Supreme Court denied review. (*Id.*) In May 2010, the Arizona Court of Appeals filed its mandate. (*Id.*)

In July 2015—more than five years later—Petitioner filed a notice of PCR asserting that his sentence was based on an unconstitutional enhancement and was also excessive. (*Id.*) On October 1, 2015, the PCR court dismissed the notice as untimely. (*Id.*)

On October 12, 2015, Petitioner filed a notice of appeal. (*Id.*)

On July 20, 2017, the Arizona Court of Appeals filed a memorandum affirming the untimeliness ruling. (*Id.*)

On April 2, 2018, the Petition was filed. (Doc. 1.) It asserts the following four grounds for relief:

(1) Petitioner's Fifth, Eighth, and Fourteenth Amendment rights were violated because the State of Arizona and County of Maricopa should not have used "the Enhancement Sentencing pursuant to ARS § 13-604.04 [and] 13-705 on a First Time Offender";

(2) Petitioner's Fifth, Eighth, and Fourteenth Amendment rights were violated because the State of Arizona and County of Maricopa used the sentencing enhancement pursuant to Arizona Revised Statute § 13-705 when the act was committed prior to October 2008, but § 13-705 "did not take effect until AFTER Jan[uary] 1, 2009";

(3) Petitioner's Fifth, Eighth, and Fourteenth Amendment rights were violated because the State of Arizona and County of Maricopa should not have used "an Enhancement Tool (statute) ARS 13-604.01 . . . . on the second probation (lifetime) to run [make it run] consecutive[] to the first [probation]"; and

(4) Petitioner's Fifth, Eighth, and Fourteenth Amendment rights were violated because the State of Arizona and County of Maricopa illegally imposed a sentence "by use of taking out [the] element of mens rea [] to shift the blame

---

[1] Although Petitioner's first attempt, in 2004, to pursue a direct appeal of his conviction was deemed untimely, Petitioner was subsequently granted leave to file a delayed notice of appeal. (Doc. 15 at 3.) This accounts for the five-year delay between Petitioner's trial and the disposition of his direct appeal.

| | to the Defendant."
|---|---|
| 1 | |
| 2 | (Doc. 6 at 2.) |
| 3 | The R&R was issued on October 15, 2018. (Doc. 15.) It concludes (1) the Petition |

The R&R was issued on October 15, 2018. (Doc. 15.) It concludes (1) the Petition is untimely because Petitioner's convictions became final on June 30, 2011, yet the Petition wasn't filed until 2017, well outside AEDPA's one-year statute of limitations, (2) Petitioner isn't eligible for statutory tolling during any portion of this period because he didn't file his PCR notice until July 2015 (and that notice was untimely), (3) although "Arizona's child molestation statute was found unconstitutional in *May v. Ryan*, 245 F. Supp. 3d 1145, 1158 (D. Ariz. 2017) . . . that change does not make the Petition timely" because only the Supreme Court's recognition of a constitutional right that has been made retroactively applicable to cases on collateral review may support such a claim, and (4) Petitioner hasn't asserted a claim for equitable tolling and has not identified any "external force [that] prevented him from filing a timely Petition here." (*Id.* at 5-7.)

II. <u>Legal Standard</u>

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

III. <u>The Parties' Arguments</u>

In his objections to the R&R, Petitioner argues he did not find out until 2015 that

one of the laws he seeks to challenge (A.R.S. § 13-604) was unconstitutional and did not find out until 2017, following the issuance of the decision in *May v. Ryan*, that a different law he seeks to challenge (A.R.S. § 13-1410) was unconstitutional. (Doc. 16 at 1-2.) He thus asserts that his sentence was the product of "fundamental error" and that his is entitled to "statutory tolling . . . from 2015 to 2018." (*Id.* at 2.) Petitioner also attaches, as an exhibit to his objections, the "memorandum of points and authorities" that he previously submitted to the magistrate judge (*id.* at 4-12), with the final page slightly modified. (*Compare* Doc. 16 at 13, *with* Doc. 14 at 11.)

In their response, Respondents argue that (1) Petitioner's "filing, by and large, is a verbatim reproduction of his [earlier brief], which argued his substantive claims," and (2) Petitioner isn't entitled to relief under *May v. Ryan* because the Supreme Court has never recognized the constitutional right addressed in that case. (Doc. 18 at 2.)

IV. Analysis

The Court agrees with the R&R's conclusion that the Petition should be dismissed for untimeliness. Petitioner's conviction became final, for state purposes, in 2010. He therefore needed to file the Petition by 2011. Finally, his reliance on the 2017 district-court decision in *May v. Ryan* is misplaced. Under 28 U.S.C. § 2244(d)(1), the one-year limitations period applicable to a writ of habeas corpus by a person in custody pursuant to the judgment of a state court runs from the latest of four possible dates, one of which is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C). Because *May v. Ryan* was not a Supreme Court case—indeed, the Ninth Circuit recently reversed the district court's conclusion in that case that Arizona's child molestation statute is unconstitutional, *see May v. Ryan*, 2019 WL 1376034, *1 (9th Cir. Mar. 26, 2019) ("Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect.")—it does not affect the date from which the one-year statute of limitations period runs.

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 15) is accepted;

(2) The petition (Doc. 1) is denied and dismissed with prejudice;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 3rd day of April, 2019.

Dominic W. Lanza
United States District Judge